**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **MAG. NO. 19-268 (GMH)** |
| | : | |
| **DAMIEN DEMPSEY,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

On November 1, 2019, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At the initial appearance on October 31, 2019, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Monday, November 4, 2019.

### II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal

trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.   Therefore, the defendant should be detained.  See 18 U.S.C. § 3142(e)(1).

### A.     Nature and Circumstances of the Offenses Charged

On Wednesday, October 30, 2019 at approximately 8:19 p.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) Gun Recovery Unit (GRU) observed a group of individuals smoking in front of the building at 6010 Clay Street Northeast in Washington, D.C.

As Officer Joseph stopped the car to observe the group, he observed an individual later identified as the defendant, Damien Dempsey quickly grab the door handle and take unprovoked flight into the building and up the stairs. Officer Joseph exited his vehicle and ran after the defendant into the building. As officers entered the building, there was a strong odor of PCP. Officer Joseph caught up with the defendant on the second floor landing and observed the defendant stuffing a dark object into his left jacket pocket. The defendant appeared under the influence of an unknown substance. Officer Laury completed a pat down of the defendant and a firearm was felt in his front left pocket. The defendant was placed under arrest.

The firearm was determined to be a Charter Arms .38 caliber, revolver style handgun with a serial number of 110085. At the time it was recovered, it was loaded with five (5) rounds in the cylinder.

### B.    Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. The defendant took unprovoked flight from law enforcement officers before they could make contact with him. Upon seeing the officers, the defendant fled to into a nearby building, where he was observed stuffing something into his left jacket pocket. After a protective pat down of the defendant, MPD officers recovered a loaded firearm from inside the same left jacket pocket. The recovery of the firearm and the officer's verbal confirmation of the presence of the gun were captured on body worn camera footage.

### C.    The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of

the detention. The nature of the defendant's criminal conduct has remained undeterred. The defendant has the following prior convictions:

- Attempted Distribution of Cocaine (Washington, D.C., 2008)
- Possession with Intent to Distribute Cocaine, Possession of Drug Paraphernalia with Intent to Use (Washington, D.C., 2004)
- Robbery with a Deadly Weapon (Maryland, 1999)
- Possession with Intent to Distribute Cocaine (Washington, D.C., 1998)

The government submits that the defendant should not be released.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a loaded firearm while out in the community, despite being legally barred from such possession. Further, the government is greatly concerned about the fact that the defendant was under the influence of phencyclidine at the time of the offense – a concern that was noted by law enforcement at the time of the encounter with the defendant, and confirmed by the Pretrial Services Agency. The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community, particularly in light of the defendant's insobriety due to PCP use. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that

the defendant be held without bond pending trial.

                        Respectfully submitted,

                        JESSIE K. LIU
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 472-845

By:      /s/
                        LISA NICOLE WALTERS
                        D.C. Bar No. 974-492
                        Assistant United States Attorney
                        555 Fourth Street, N.W., Fourth Floor
                        Washington, D.C. 20530
                        Telephone: (202) 252-7499
                        E-mail: Lisa.Walters@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Mary Petras via the Electronic Case Filing (ECF) system, this 1st day of November, 2019.

                        /s/
                        Lisa N. Walters
                        Assistant United States Attorney